OPINION
FORD, Justice.
This is a typical used car sales case. The plaintiff bought a used 1973 Jeep 4 wheel drive pickup for $1500. He drove it for 20 days, and then attempted to return it and get his money back. The issue in this case is whether the plaintiff is entitled to do so under the facts proven at trial. The trial court held a bench trial, and ruled in favor of the defendant. We affirm.
JURISDICTION
The plaintiff, Joe Phillips, was an enrolled member of the Confederated Salish and Kootenai Tribes.[1] Defendant is not. The transaction between the parties which is the subject of this lawsuit occurred within the external boundaries of the Flathead Reservation. Thus, the tribal courts have subject matter jurisdiction over this matter.
The defendant was served with process, filed an answer, and defended on the merits of this action at trial in tribal court. He has not asserted any lack of personal jurisdiction. Thus, this court has personal jurisdiction over this defendant.
FACTS
Plaintiff Joe Phillips bought this vehicle at a used car lot run by defendant Dusty Amrine, known as “Dusty’s Auto Sales.” The sales agreement which he signed, as well as a sticker on the truck itself, clearly stated that the sale was “AS IS.”
After the first weekend, Phillips reported some problems and returned the vehicle to the lot for some minor repairs. He then drove the rig for the rest of the 20 day dealer plate period, without any further complaint to defendant. On the twentieth day after the sale, however, plaintiff brought the pickup back to the lot. At that point, Phillips said he didn’t like the truck and wanted his money back. He left the vehicle and its keys with defendant. Although the seller’s portion of the title transfer documents were completed on the day of the sale and the documents were sent to the Lake County Courthouse for *77 processing, Phillips testified at trial that he had never completed the title application. As of the date of the oral argument, the truck was still on Dusty’s lot.
The parties disagree about defendant’s response to plaintiffs desire for a refund. Dusty Amrine testified at trial that he did not ever state he would or could return the money. He claims that he was not in fact the seller; that the pickup was sold on consignment and the proceeds distributed to the previous owner; and that he told Phillips only that Dusty’s couldn’t refund his money but that Dusty’s would try to resell the pickup for Phillips or trade Phillips for another vehicle of equal value. Dusty testified that he had already disbursed the sales proceeds to the true owner of the truck before plaintiff tried to return it. Plaintiffs position is that Am-rine promised to refund the money himself, rather than resell it for Phillips.
Defendant testified at trial that he in fact did try to sell the vehicle for Phillips and to give them the money from such a resale, to no avail. The record includes copies of advertisements for the truck. Defendant also offered a substitute vehicle to Phillips, but Phillips found it unsuitable. Thus, at the time of the trial and of the appeal, plaintiffs truck was at Dusty’s lot, the title was at the courthouse, and the money was in the pocket of the truck’s former owner, a Mr. Salmonsen. Dusty testified that the plaintiff was at all times free to come get his pickup and either use it or take it somewhere else to try to sell it.
At the time of the sale, both the sales agreement which Phillips signed and a sticker on the Jeep itself clearly stated that the sale was “AS IS.” The evidence at trial indicated that plaintiff had an independent inspection performed on the vehicle, but chose not to enter the report of that inspection into evidence. The inspector did not appear at trial. The only evidence of any problem with the Jeep at the time Phillips returned it to Dusty’s lot was that it had lost oil pressure, according to Mr. Phillips. There was no evidence that this was a major problem or of the cost of repaii’ or of any loss of value in the vehicle, and certainly no evidence of any resulting physical injury.
Similarly, although the plaintiffs counsel maintained stoutly that defendant was in fact the owner and the seller of the vehicle, and thus required to return plaintiffs money, the record of the trial contained no such evidence. Dusty testified clearly that he sold the Jeep on consignment only, on behalf of Mr. Salmonsen. Plaintiff did not put on evidence that this was not true. In fact, Mr. Phillips himself testified that he had done some investigation and satisfied himself that Mr. Salmonsen did exist, although he did not apparently contact Sal-monsen about the ownership of the truck.
LEGAL ISSUES
A. Standard of Review
1. In General
The trial occurred before Judge Lozar, sitting without a jury. Judge Lozar entered findings of facts and conclusions of law after the trial. As the trier of fact, the trial court’s findings of fact will stand unless, on appeal, an abuse of discretion is shown. In this case, no such abuse of discretion appears; the judge’s findings of fact are well supported by the evidence at trial. Therefore, the judge’s findings of fact are affirmed.
2. Burden of Proof
In a civil action, the plaintiff has the burden of proving to a preponderance of the evidence all elements of plaintiffs case. In this action, plaintiff failed to meet this burden on at least two points. He did not put on any evidence to support *78 plaintiffs claim that defendant in fact was the owner and seller of the vehicle in question. Further, he did not put on sufficient evidence to warrant any finding of a defect in the vehicle.
After the oral argument on appeal, plaintiff moved to be allowed to supplement the trial record by adding a new exhibit, the title to the Jeep. There was no contention that this title was unavailable at the time of trial; apparently, the plaintiff simply did not do before trial what he did after the oral argument: obtain the title from the Lake County courthouse so it could be introduced into evidence. This court denies the motion to supplement the trial record on this basis. The trial, not the appeal, is the time and place for the introduction of evidence. The trial judge (or jury) must have the first opportunity to see and hear all the evidence which bears on his or her decision, before having that decision reviewed by a higher court. Allowing new evidence at the time of appeal would deprive the trial bench of the opportunity to be fully informed before having to render a decision in a case, and might discourage parties to adequately prepare for trial in hopes of a “second bite” on appeal. If there had been some evidence that the title was lost or otherwise unavailable at trial, the proper route would be for the party to move the court below for a new trial or for relief from its judgment on the basis of newly discovered evidence which could not have been discovered prior to the original trial. Here, there was no showing that the title was new evidence at all, nor that it reasonably could not have been discovered and introduced at trial. Neither the trial court nor the appellate court should consider this evidence.
B.Breach of Warranty
In his complaint, plaintiff did not allege any breach of warranty. At the time of the pretrial conference, however, plaintiff added a contention that defendant breached an alleged warranty of fitness for a particular purpose. This is the only warranty which the plaintiff pled. As Judge Lozar held, there was no evidence at all in the record which indicated either that plaintiff had a particular purpose for this Jeep or that plaintiff communicated that purpose to defendant. Therefore, no warranty of fitness for a particular purpose could exist, and no such warranty was breached.
C. Breach of Oral Contract
Oral contracts, like written contracts, are valid and enforceable if and only if there is consideration for them. In this case, there is conflicting evidence about whether Dusty in fact promised to refund plaintiffs money. Even if he had made this promise, and even if it had been in writing (which both parties agree is not the case), Dusty’s statement does not rise to the level of an enforceable contract because there was no consideration for it. Dusty did not get anything from plaintiff, nor did plaintiff promise to do anything in the future in exchange for Dusty’s statement. Further, nothing in the sales documents or the law required Dusty to refund plaintiffs money. Dusty’s statement, if made, was nothing more than a gratuitous remark, which he was legally free to honor or not. Dusty made no contract at the time Phillips brought the Jeep back in. Thus, as Judge Lozar correctly observed, “Plaintiffs contention that Defendant breached an oral contract to satisfy Plaintiff is without merit.”
D. Discrimination
In the pleadings and pretrial proceedings. plaintiff maintained that he was somehow the victim of discrimination because he was not allowed to drive the Jeep *79 on the highway before he bought it. At trial, however, plaintiff himself testified that he was able to drive the Jeep on the lot and that he understood that the reason he could not drive it on the highway was that it was not insured. The trial transcript contains no mention of discrimination whatsoever. Judge Lozar was correct in concluding that “Plaintiff s contention that he was the victim of discrimination in the sale of the vehicle is without substance.”
For all these reasons, Judge Lozar’s judgment below in favor of the defendant is AFFIRMED.

, At the oral argument, plaintiff's attorney informed the court that Mr. Phillips had died during the pendency of the appeal.